Filed 12/1/15  P. v. Reynoso CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>BRANDON M. REYNOSO,<br><br>　　　　Defendant and Appellant. | B263157<br><br>(Los Angeles County<br>Super. Ct. No. MA062211-01) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

　　　　John L. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

* * * * * *

Brandon M. Reynoso appeals from a judgment following his no contest plea and conviction for two counts of attempted murder. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issue. We affirm.

## PROCEDURAL HISTORY

In an amended information, appellant was charged with three counts of attempted murder (Pen. Code, §§ 187, subd. (a), 664; counts 1, 5, 6); assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b); count 2); possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 3); and possession of ammunition by a felon (Pen. Code, § 30305, subd. (a)(1); count 4). Various firearm, personal injury, gang, and other enhancements were alleged. Pursuant to a negotiated disposition, appellant pled no contest to the attempted murder counts 1 and 5 and admitted the accompanying enhancements. He was sentenced to 56 years eight months in prison, comprised of nine years for count 1, doubled to 18 years because of a prior strike conviction (Pen. Code, §§ 667, subds. (b)-(j), 1170.12); 20 years for using a firearm during the commission of the offense (Pen. Code, § 12022.53, subd. (c)); 10 years for a gang enhancement (Pen. Code, § 186.22, subd. (b)); three years for personally inflicting great bodily injury (Pen. Code, § 12022.7, subd. (a)); one year four months for count 5, doubled to four years eight months due to his prior strike (Pen. Code, §§ 667, subds. (b)-(j), 1170.12); and one year for a prior prison term (§ 667.5, subd. (b)). Appellant timely appealed.

## STATEMENT OF FACTS

At approximately 1:15 a.m. on February 2, 2014, deputy sheriffs responded to a report of a loud party on Avocado Lane in Palmdale. While en route, it was reported shots had been heard in the area with a possible gunshot victim. When they arrived, they found victim Vincent H. lying in front of the residence on his back, fading in and out of consciousness. He was transported to the hospital and treated for a gunshot wound to his back. While there, he stated he was at a party at the residence on Avocado Lane when he

2

heard someone scream, "Gun, gun, he has a gun!" He went out the front door when he heard two gunshots and fell to the ground. He did not see who shot him.

A few weeks later, appellant was arrested and officers found a small semiautomatic firearm on him. During an interview while in custody, appellant was asked about the shooting on Avocado Lane. After changing his story numerous times, he admitted he was present at the party, he had possessed a firearm, and he had fired it during the party.

## DISCUSSION

We appointed counsel to represent appellant on this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *Wende, supra*, 25 Cal.3d at page 441. On August 31, 2015, we advised appellant he had 30 days to submit any contentions or issues he wished us to consider. Appellant did not file a supplemental brief.

We have examined the entire record. We are satisfied no arguable issues exist and appellant's counsel has fully satisfied his responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende, supra*, 25 Cal.3d at p. 441; see *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The judgment is affirmed.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.

RUBIN, J.

3